```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION

JON WEBSTER HAY,

         Plaintiff,

v.                                 Case No:  2:22-cv-359-JES-KCD

BRUCE KYLE, Circuit Court
Judge, TRAVIS ATKINSON,
Public Defender, NICOLE
CALDERONE, Public Defender,
MIKE COOLEY, Public
Defender, ALISSA WOLFE,
Assistant State Attorney,
and TYLER LOVEJOY,
Assistant State Attorney,

         Defendants.
```

**OPINION AND ORDER**

Before the Court is Plaintiff Jon Webster Hay's Complaint (Doc. #1). Hay is a pretrial detainee in Lee County Jail, and he sues the judge, prosecutors, and public defenders involved in his state criminal case under 42 U.S.C. § 1983. United States Magistrate Judge Kyle C. Dudek granted Hay leave to proceed in forma pauperis, so the Court must review the Complaint sua sponte to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a party who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

Hay alleges Florida Circuit Judge Bruce Kyle made Hay choose between his right to a speedy trial and his right to counsel, and

the prosecutors and public defenders took no action. (Doc. #1 at 6). Hay seeks compensatory damages of $41,000 per day he is detained in Lee County Jail. (Id. at 9).

Hay cannot sue the judge and prosecutors. "A judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of his court." McCullough v. Finley, 907 F.3d 1324, 1330 (11th Cir. 2018). Prosecutors likewise enjoy absolute immunity from allegations stemming from their function as advocates. Hart v. Hodges, 587 F.3d 1288, 1295 (11th Cir. 2009). Hay's allegations against the judge and prosecutors relate entirely to their participation in his state criminal proceedings. They are immune from this action.

Hay's claims against the public defenders also clearly fail. To state a claim under 42 U.S.C. § 1983, Hay "must allege that a person acting under color of state law deprived him of a federal right." McIndoo v. Broward Cnty., 750 F. App'x 816, 819 (11th Cir. 2018). State-appointed attorneys are not state actors for purposes of § 1983. Id. at 820 (citing Vermont v. Brillon, 556 U.S. 81 (2009)). Hay thus fails to state § 1983 claims against his public defenders.

This is Hay's second attempt to use the federal district court as a pre-trial forum to challenge his state criminal charges. Principles of equity, comity, and federalism require the Court to abstain from interfering in state criminal proceedings. See

<u>Younger v. Harris</u>, 401 U.S. 37, 45 (1971) (forbidding federal courts from enjoining state criminal proceedings "absent extraordinary circumstances"). Hay provides no reason for this Court to overlook the abstention principle. Nor does he allege any facts that warrant application of any exception to the <u>Younger</u> doctrine.

Hay fails to state a claim against any Defendant, the judge and prosecutor defendants are immune from suit, and Hay's claims are frivolous. The Court will thus dismiss this action without leave to amend. The dismissal is without prejudice to Hay raising his claims in a petition for writ of habeas corpus after exhausting them in state court.

Accordingly, it is hereby

**ORDERED**:

Plaintiff Jon Webster Hay's Complaint (Doc. #1) is **DISMISSED**. The Clerk is **DIRECTED** to terminate all pending motions and deadlines, enter judgment for Defendants and against Plaintiff, and close this case.

**DONE and ORDERED** at Fort Myers, Florida, this   11th   day of July 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1

- 3 -

Copies:
Counsel of Record

- 4 -